UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTINE T. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-1165 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CHASE FEDERAL HOME FINANCE, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

      This purports to be a civil action brought by a *pro se* plaintiff against Chase Federal Home Finance. Plaintiff is an individual residing in Cedar Springs, Michigan. Since the year 2008, plaintiff has filed nine previous civil actions in this court, against defendants as varied as the United States Patent & Trademark Office, the State of Michigan, and "Yum Yum Land." Each of plaintiff's previous complaints has been summarily dismissed as frivolous, for failure to state a claim, or on grounds of absolute immunity. Plaintiff's present complaint against Chase Federal Home Finance fits within this familiar pattern. Plaintiff's complaint contains no statement of the court's jurisdiction and no clear request for relief. The body of the complaint contains no coherent statement of facts, but consists merely of a series of random statements concerning plaintiff's mortgage.

      The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 55 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion's]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements

do not suffice." *Iqbal*, 129 S. Ct. at 1949. Claims survive only where the "factual allegations [are] enough to raise a right to relief above the speculative legal on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

Plaintiff apparently has a grievance against her mortgage company, but, beyond that, the complaint sets forth no basis upon which this court could grant relief. The complaint fails to identify a basis for federal jurisdiction, as it neither identifies a federal question, 28 U.S.C. § 1331, nor alleges the requisite diversity of citizenship and amount in controversy, 28 U.S.C. § 1332. The statements in plaintiff's complaint do not demonstrate a basis upon which this court could grant relief under any federal or state-law legal theory.

**Recommended Disposition**

Having reviewed the complaint, I conclude that it should be dismissed for lack of subject-matter jurisdiction. I further conclude that any appeal of the dismissal of this case would be frivolous and therefore brought in bad faith within the meaning of 28 U.S.C. § 1915(a)(3). Therefore, I recommend that (1) an order be entered dismissing the case for lack of subject-matter jurisdiction, and (2) that plaintiff be denied leave to appeal *in forma pauperis*.


Dated:  November 9, 2011            /s/  Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file

timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).